1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEASTER FOSTER,<br><br>    Petitioner,<br><br> v.<br><br>WARDEN JAMES D. HARLEY,<br><br>    Respondent. | ) 1:10-cv—01683-AWI-SMS-HC<br>)<br>) FINDINGS AND RECOMMENDATIONS RE:<br>) RESPONDENT'S MOTION TO DISMISS<br>) THE PETITION (DOCS. 12, 1, 2)<br>)<br>) FINDINGS AND RECOMMENDATIONS TO<br>) DISMISS THE PETITION WITHOUT<br>) LEAVE TO AMEND (DOCS. 1, 2),<br>) DISMISS MOTION AS MOOT (DOC. 10),<br>) DECLINE TO ISSUE A CERTIFICATE OF<br>) APPEALABILITY,<br> AND DIRECT THE CLERK TO CLOSE<br> THE CASE |

18    Petitioner is a state prisoner proceeding pro se with a

19  petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

20  The matter has been referred to the Magistrate Judge pursuant to

21  28 U.S.C.§ 636(b)(1) and Local Rules 302 and 304.  Pending before

22  the Court is the Respondent's motion to dismiss the petition,

23  which was filed on March 23, 2011.  Petitioner filed an

24  opposition on April 11, 2011.  No reply was filed.

25    I.  <u>Proceeding by a Motion to Dismiss</u>

26    Because the petition was filed after April 24, 1996, the

27  effective date of the Antiterrorism and Effective Death Penalty

28  Act of 1996 (AEDPA), the AEDPA applies to the petition.  <u>Lindh v.</u>

Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. –, -, 131 S.Ct. 13, 16 (2010) (per curiam).

Rule 4 of the Rules Governing Section 2254 Cases in the District Courts (Habeas Rules) allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court...."

The Ninth Circuit has allowed respondents to file motions to dismiss pursuant to Rule 4 instead of answers if the motion to dismiss attacks the pleadings by claiming that the petitioner has failed to exhaust state remedies or has violated the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss a petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 to review a motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D.Cal. 1982) (same). Thus, a respondent may file a motion to dismiss after the Court orders the respondent to respond, and the Court should use Rule 4 standards to review a motion to dismiss filed before a formal answer.  See, Hillery, 533 F. Supp. at 1194 & n.12.

1   In this case, upon being directed to respond to the petition
2   by way of answer or motion, Respondent filed the motion to
3   dismiss.  The material facts pertinent to the motion are to be
4   found in the pleadings and in copies of the official records of
5   state parole and judicial proceedings which have been provided by
6   the parties, and as to which there is no factual dispute.

7   Because Respondent's motion to dismiss is similar in
8   procedural standing to motions to dismiss on procedural grounds,
9   the Court will review Respondent's motion to dismiss pursuant to
10  its authority under Rule 4.

11  II.  <u>Background</u>

12  Petitioner alleged in the petition that he was an inmate of
13  the Avenal State Prison at Avenal, California, serving a sentence
14  of fifteen (15) years to life imposed by the Fresno County
15  Superior Court on October 14, 1994, upon Petitioner's conviction
16  of second degree murder in violation of Cal. Pen. Code § 187.
17  (Pet. 1, 7-9.)   Petitioner challenges the decision of
18  California's Board of Parole Hearings (BPH) made after a hearing
19  held on March 4, 2009, finding Petitioner unsuitable for release
20  on parole for three years.  (Pet. 13.)

21  Petitioner raises the following claims in the petition:  1)
22  the BPH's decision that Petitioner posed a risk of danger to
23  society was not supported by some evidence and thus violated
24  Petitioner's right to due process of law under the Fourteenth
25  Amendment; 2) application of Proposition 9 to impose a three-year
26  deferral of Petitioner's next parole hearing violated the Ex Post
27  Facto Clause; 3) application of Proposition 9 to Petitioner to
28  impose a three-year deferral of Petitioner's next parole

3

suitability hearing violated Petitioner's right to due process of law under the Fourteenth Amendment by abrogating the terms of his plea agreement; and 4) state court decisions upholding the BPH's determination failed to apply California's "some evidence" standard and constituted an unreasonable determination of the facts in light of the evidence in the record.  (Pet. 12-13.)

Petitioner alleges that at his initial parole consideration hearing held on October 29, 2003, parole was denied for three (3) years.  Petitioner's next parole suitability hearing was held on December 19, 2006, and the BPH denied parole for two (2) years.  (Pet. 32.)  On March 4, 2009, at the hearing which is the subject of this petition, parole was denied for three (3) years under Proposition 9.  (Id. at 33.)

The transcript of the hearing held on March 4, 2009 (doc. 2, 134-223), which was submitted by Petitioner with the petition, shows that Petitioner attended the hearing, was given an opportunity to correct or clarify the record and submit documentation, gave sworn testimony to the BPH regarding numerous factors of parole suitability, and made a statement on his own behalf.  (Id. at 134, 137, 139, 141-208.)  Petitioner's allegations reflect that at the hearing, Petitioner received a statement of the BPH's reasons for finding that Petitioner presented a danger to the public and thus was unsuitable for parole.  The reasons included the commitment offense and Petitioner's prior criminality, previous failures on grants of probation and in juvenile hall, gang activity, drug and alcohol use, dropping out of school, minimization of his offense, and lack of insight.  (Pet. 34-35; doc. 2, 209-23.)

4

The Fresno County Superior Court denied Petitioner's petition for writ of habeas corpus on September 8, 2009, reasoning that there was some evidence to support the BPH's findings concerning the commitment offense, Petitioner's lack of insight and remorse, and his minimization of the crime.  Further, application of Proposition 9 had not increased Petitioner's sentence.  Finally, Petitioner had failed to allege facts showing that his plea bargain contained any terms stating that he would be entitled to a parole hearing every year; Petitioner had not shown any effect of Proposition 9 on his plea bargain because under previous law (Cal. Pen. Code § 3041.5), the BPH had the discretion to deny parole for as much as five years.  (Pet. 51-54.)

The California Court of Appeal, Fifth Appellate District denied Petitioner's petition for writ of habeas corpus on February 3, 2010, with citations to state court authority concerning the application of the "some evidence" standard. (Pet. 56.)  The California Supreme Court denied a petition for review on March 24, 2010.  (Pet. 58.)

III.  <u>Failure to State a Cognizable Due Process Claim</u>

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997), <u>cert. denied</u>, 522 U.S. 1008 (1997); <u>Furman v. Wood</u>, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation

of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. –, –, 131 S.Ct. 13, 16 (2010) (per curiam).

The Supreme Court has characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. Swarthout v. Cooke, 562 U.S. –, 131 S.Ct. 859, 861-62 (2011).

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12 (1979).[1] Swarthout v. Cooke, 131 S.Ct. 859, 862. In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole. The Court stated:

> There is no right under the Federal Constitution
> to be conditionally released before the expiration of
> a valid sentence, and the States are under no duty

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. Id. at 16. The decision maker is not required to state the evidence relied upon in coming to the decision. Id. at 15-16. The Court reasoned that because there is no constitutional or inherent right of a convicted person to be released conditionally before expiration of a valid sentence, the liberty interest in discretionary parole is only conditional and thus differs from the liberty interest of a parolee. Id. at 9. Further, the discretionary decision to release one on parole does not involve restrospective factual determinations, as in disciplinary proceedings in prison; instead, it is generally more discretionary and predictive, and thus procedures designed to elicit specific facts are unnecessary. Id. at 13. In Greenholtz, the Court held that due process was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity to insure that the records being considered were his records, and to present any special considerations demonstrating why he was an appropriate candidate for parole. Id. at 15.

1
2
3
4
5
6
7

to offer parole to their prisoners.  (Citation omitted.)
When, however, a State creates a liberty interest,
the Due Process Clause requires fair procedures for its
vindication–and federal courts will review the
application of those constitutionally required procedures.
In the context of parole, we have held that the procedures
required are minimal.  In Greenholtz, we found
that a prisoner subject to a parole statute similar
to California's received adequate process when he
was allowed an opportunity to be heard and was provided
a statement of the reasons why parole was denied.
(Citation omitted.)

Swarthout, 131 S.Ct. 859, 862.  The Court concluded that the

petitioners had received the process that was due as follows:

> They were allowed to speak at their parole hearings
> and to contest the evidence against them, were afforded
> access to their records in advance, and were notified
> as to the reasons why parole was denied....
>
> That should have been the beginning and the end of
> the federal habeas courts' inquiry into whether
> [the petitioners] received due process.

Swarthout, 131 S.Ct. at 862.  The Court in Swarthout expressly

noted that California's "some evidence" rule is not a substantive

federal requirement, and correct application of California's

"some evidence" standard is not required by the federal Due

Process Clause.  Id. at 862-63.

Here, in seeking review of the application of California's

"some evidence" standard, Petitioner asks this Court to engage in

the very type of analysis foreclosed by Swarthout.  Petitioner

does not state facts that point to a real possibility of

constitutional error or that otherwise would entitle Petitioner

to habeas relief because California's "some evidence" requirement

is not a substantive federal requirement.  Review of the record

for "some evidence" to support the denial of parole is not within

the scope of this Court's habeas review under 28 U.S.C. § 2254.

Petitioner cites state law concerning consideration of

7

1  parole suitability factors and the application of the "some

2  evidence" standard.  To the extent that Petitioner's claim or

3  claims rest on state law, they are not cognizable on federal

4  habeas corpus.  Federal habeas relief is not available to retry a

5  state issue that does not rise to the level of a federal

6  constitutional violation.  Wilson v. Corcoran, 562 U.S. — , 131

7  S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68

8  (1991).  Alleged errors in the application of state law are not

9  cognizable in federal habeas corpus.  Souch v. Schiavo, 289 F.3d

10 616, 623 (9th Cir. 2002).

11     Accordingly, it is concluded that Petitioner's due process

12 claim concerning the evidence should be dismissed because it is

13 not cognizable in a proceeding pursuant to 28 U.S.C. § 2254.

14     A petition for habeas corpus should not be dismissed without

15 leave to amend unless it appears that no tenable claim for relief

16 can be pleaded were such leave granted.  Jarvis v. Nelson, 440

17 F.2d 13, 14 (9th Cir. 1971).

18     Here, Petitioner did not allege that at the parole hearing,

19 he lacked an opportunity to be heard or a statement of reasons.

20 Further, his own allegations and supporting documentation reflect

21 that Petitioner attended the parole suitability hearing, made

22 statements to the BPH, and received a statement of reasons for

23 the decision of the BPH.  Thus, Petitioner's own allegations

24 establish that he had an opportunity to be heard and a statement

25 of reasons for the decision in question.  It therefore does not

26 appear that Petitioner could state a tenable due process claim.

27     Accordingly, it will be recommended that Petitioner's due

28 process claim concerning the evidence be dismissed without leave

1  to amend.

2      Likewise, because Petitioner has not established a violation

3  by the parole authorities of his rights under the Fourteenth

4  Amendment, the decisions of the state courts upholding the BPH's

5  decision could not have resulted in either 1) a decision that was

6  contrary to, or involved an unreasonable application of, clearly

7  established federal law, as determined by the Supreme Court of

8  the United States; or 2) a decision that was based on an

9  unreasonable determination of the facts in light of the evidence

10 presented in the state court proceedings.  Further, insofar as

11 Petitioner argues that the BPH or state courts made an

12 unreasonable determination of the facts in light of the evidence

13 presented at the parole hearing, Petitioner is challenging the

14 application of the "some evidence" standard and thus does not

15 state a cognizable claim for relief.

16     The Court concludes that Petitioner has failed to state

17 facts concerning the state court decisions that would entitle him

18 to relief.  <u>See</u>, 28 U.S.C. § 2254(d).  Therefore, Petitioner's

19 due process claim with respect to the state court decisions

20 should likewise be dismissed without leave to amend.

21          IV.  <u>Ex Post Facto Claim</u>

22     Petitioner was sentenced in 1994.  Petitioner raises an ex

23 post facto claim because the BPH applied to Petitioner's case

24 California's Proposition 9, the "Victims' Bill of Rights Act of

25 2008: Marsy's Law," which on November 4, 2008, effected an

26 amendment of Cal. Pen. Code § 3041.5(b)(3) that resulted in

27 lengthening the periods between parole suitability hearings.

28     The Constitution provides, "No State shall... pass any... ex

post facto Law." U.S. Const. art I, § 10. The Ex Post Facto Clause prohibits any law which: 1) makes an act done before the passing of the law, which was innocent when done, criminal; 2) aggravates a crime and makes it greater than it was when it was committed; 3) changes the punishment and inflicts a greater punishment for the crime than when it was committed; or 4) alters the legal rules of evidence and requires less or different testimony to convict the defendant than was required at the time the crime was committed. Carmell v. Texas, 529 U.S. 513, 522 (2000). Application of a state regulation retroactively to a defendant violates the Ex Post Facto Clause if the new regulations create a "sufficient risk" of increasing the punishment for the defendant's crimes. Himes v. Thompson, 336 F.3d 848, 854 (9th Cir. 2003) (citing Cal. Department of Corrections v. Morales, 514 U.S. 499, 509 (1995)). When the rule or statute does not by its own terms show a significant risk, the respondent must demonstrate, by evidence drawn from the rule's practical implementation by the agency charged with exercising discretion, that its retroactive application will result in a longer period of incarceration than under the earlier rule. Garner v. Jones, 529 U.S. 244, 250, 255 (2000).

Previous amendments to Cal. Pen. Code § 3041.5, which initiated longer periods of time between parole suitability hearings, have been upheld against challenges that they violated the Ex Post Facto Clause. See, e.g., California Department of Corrections v. Morales, 514 U.S. 499, 509 (1995); Watson v. Estelle, 886 F.2d 1093, 1097-98 (9th Cir. 1989). Similarly, it has been held that a state law permitting the extension of

10

intervals between parole consideration hearings for all prisoners
serving life sentences from three to eight years did not violate
the Ex Post Facto Clause where expedited parole review was
available upon a change of circumstances or receipt of new
information warranting an earlier review, and where there was no
showing of increased punishment.  Under such circumstances, there
was no significant risk of extending a prisoner's incarceration.
Garner v. Jones, 529 U.S. at 249.

In Gilman v. Schwarzenegger, - F.3d -, No. 10-15471, 2011 WL
198435, at *2 (9th Cir. Jan. 24, 2011), the Ninth Circuit
reversed a grant of injunctive relief to plaintiffs in a class
action seeking to prevent the board from enforcing Proposition
9's amendments that defer parole consideration.  The court noted
that the changes wrought by Proposition 9 were noted to be more
extensive than those before the Court in Morales and Garner;
however, advanced hearings, which would remove any possibility of
harm, were available upon a change in circumstances or new
information.  Id. at *6.  The Court concluded that in the absence
of facts in the record from which it might be inferred that
Proposition 9 created a significant risk of prolonging
Plaintiffs' incarceration, the plaintiffs had not established a
likelihood of success on the merits on the ex post facto claim.
Id. at *8.

This Court may take judicial notice of court records.  Fed.
R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333
(9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626,
635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981).

The Court takes judicial notice of the docket and specified

orders in the class action pending in this district, <u>Gilman v.</u>
<u>Fisher</u>, 2:05-cv-00830-LKK-GGH, including the order granting
motion for class certification filed on March 4, 2009 (Doc. 182,
9:7-15), which indicates that the <u>Gilman</u> class is made up of
California state prisoners who 1) have been sentenced to a term
that includes life, 2) are serving sentences that include the
possibility of parole, 3) are eligible for parole, and 4) have
been denied parole on one or more occasions.  The docket further
reflects that the Ninth Circuit affirmed the order certifying the
class.  (Docs. 257, 258.)  The Court also takes judicial notice
of the order of March 4, 2009, in which the court described the
case as including challenges to Proposition 9's amendments to
Cal. Pen. Code § 3041.5 based on the Ex Post Facto Clause, and a
request for injunctive and declaratory relief against
implementation of the changes.  (Doc. 182, 5-6.)

     Here, resolution of Petitioner's claim might well involve
the scheduling of Petitioner's next suitability hearing and the
invalidation of state procedures used to deny parole suitability,
matters removed from the fact or duration of confinement.  Such
types of claims have been held to be cognizable under 42 U.S.C.
§ 1983 as claims concerning conditions of confinement.  <u>Wilkinson</u>
<u>v. Dotson</u>, 544 U.S. 74, 82 (2005).  Thus, they may fall outside
the core of habeas corpus relief.  <u>See</u>, <u>Preiser v. Rodriquez</u>, 411
U.S. 475, 485-86 (1973); <u>Nelson v. Campbell</u>, 541 U.S. 637, 643
(2004); <u>Muhammad v. Close</u>, 540 U.S. 749, 750 (2004).

     Further, the relief Petitioner requests overlaps with the
relief requested in the <u>Gilman</u> class action.  It is established
that a plaintiff who is a member of a class action for equitable

relief from prison conditions may not maintain an individual suit
for equitable relief concerning the same subject matter.
Crawford v. Bell, 599 F.2d 890, 891-92 (9th Cir. 1979).  This is
because it is contrary to the efficient and orderly
administration of justice for a court to proceed with an action
that would possibly conflict with or interfere with the
determination of relief in another pending action, which is
proceeding and in which the class has been certified.

Here, Petitioner's own allegations reflect that he qualifies
as a member of the class in Gilman.  The court in Gilman has
jurisdiction over same subject matter and may grant the same
relief.  A court has inherent power to control its docket and the
disposition of its cases with economy of time and effort for both
the court and the parties.  Landis v. North American Co., 299
U.S. 248, 254-255 (1936); Ferdik v. Bonzelet, 963 F.2d 1258, 1260
(9th Cir. 1992).  In the exercise of its inherent discretion,
this Court concludes that dismissal of Petitioner's ex post facto
claim in this action is appropriate and necessary to avoid
interference with the orderly administration of justice.  Cf.,
Crawford v. Bell, 599 F.2d 890, 892-93; see Bryant v. Haviland,
2011 WL 23064, *2-*5 (E.D.Cal. Jan. 4, 2011).

A petition for habeas corpus should not be dismissed without
leave to amend unless it appears that no tenable claim for relief
can be pleaded were such leave granted.  Jarvis v. Nelson, 440
F.2d 13, 14 (9th Cir. 1971).  In view of the allegations of the
petition and the pendency of the Gilman class action, amendment
of the petition with respect to the ex post facto claim would be
futile.

1    Accordingly, it will be recommended that Petitioner's ex

2    post facto claim be dismissed without leave to amend.

3        V.   <u>Due Process Claim concerning Petitioner's Plea Bargain</u>

4        Petitioner argues that the application of Proposition 9

5    violated his plea bargain because with respect to his plea, he

6    understood from a conversation with his counsel in the presence

7    of the prosecutor that he would be considered for parole every

8    year or every three (3) years.  Petitioner declared that in the

9    presence of the prosecutor, he was informed by his defense

10   attorney that he would go to prison, would be going before the

11   parole board every one (1) or three (3) years, and would be

12   paroled after service of the minimum term, provided he did not

13   get into any trouble, and he educated himself.  (Pet. 45-46.)

14   Petitioner alleged that he had been charged with felony murder,

15   and counsel's "articulation" induced him to accept a plea to

16   second degree murder.  (<u>Id.</u> at 46-47, 49.)  If it had not been

17   for the statement, he would not have "entered such a deal...."

18   (Pet., doc. 2, 228.)  Minutes of the change of plea hearing held

19   on September 16, 1994, reflect that a second count was dismissed,

20   and an enhancement was stricken.  (Pet., doc. 2, 6.)

21       A criminal defendant has a due process right to enforce the

22   terms of his plea agreement.  Promises from the prosecution in a

23   plea agreement must be fulfilled if they are significant

24   inducements to enter into a plea.  <u>Santobello v. New York</u>, 404

25   U.S. 257, 262 (1971); <u>Buckley v. Terhune</u>, 441 F.3d 688, 694 (9th

26   Cir. 2006).  Plea agreements are contractual in nature and are

27   measured by contract law standards.  <u>United States v. De la</u>

28   <u>Fuente</u>, 8 F.3d 1333, 1337 (9th Cir. 1993).  In construing a plea

agreement, a court must determine what the defendant reasonably believed to be the terms of the plea agreement at the time of the plea. United States v. Franco-Lopez, 312 F.3d 984, 989 (9th Cir. 2002).

The construction of a state court plea agreement is a matter of state law, and federal courts will defer to a state court's reasonable construction of a plea agreement. Ricketts v. Adamson, 483 U.S. 1, 6 n.3 (1987); Buckley v. Terhune, 441 F.3d 688, 695 (9th Cir. 2006). In California, a negotiated plea agreement is a form of contract and is interpreted according to general contract principles and according to the same rules as other contracts. Buckley v. Terhune, 441 F.3d 688, 695 (citing People v. Shelton, 37 Cal.4th 759, 767 (2006) and People v. Toscano, 124 Cal.App.4th 340, 344 (2004)).

In California, the plain meaning of an agreement's language must first be considered. If the language is ambiguous, it must be interpreted by ascertaining the objectively reasonable expectations of the promisee at the time the contract was made. Buckley v. Terhune, 441 F.3d 688, 695 (9th Cir. 2006). If ambiguity remains after a court considers the objective manifestations of the parties' intent, then the language of the contract should be interpreted most strongly against the party who caused the uncertainty to exist, or in favor of the defendant. Id. at 695-96.

Respondent argues that Petitioner has failed to provide proof or documentation of the terms of his plea agreement; thus, he has not stated a claim for relief. In addition to a lack of documentation, Petitioner does not set forth specific allegations

1  that the plea agreement itself contained a term conditioning the

2  change of plea on consideration of parole suitability at stated

3  periods or intervals.

4      Notice pleading is not sufficient for petitions for habeas

5  corpus; rather, the petition must state facts that point to a

6  real possibility of constitutional error.  Habeas Rule 4,

7  Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915

8  F.2d 418, 420 (9th Cir. 1990) (quoting Blackledge v. Allison, 431

9  U.S. 63, 75 n.7 (1977)).  Allegations in a petition that are

10 vague, conclusional, or palpably incredible, and that are

11 unsupported by a statement of specific facts, are insufficient to

12 warrant relief and are subject to summary dismissal.  Jones v.

13 Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James v. Borg, 24

14 F.3d 20, 26 (9th Cir. 1994).

15     Here, an understanding based on a conversation with counsel

16 is not necessarily objectively reasonable in light of advisements

17 and colloquies that normally occur at later, formal proceedings

18 upon the change of plea.  Mere predictions or speculation

19 concerning the likelihood of discretionary release on parole in

20 the future do not amount to specific promises that will be

21 enforced.

22     More fundamentally, with respect to Petitioner's several

23 parole suitability hearings, the Court notes that according to

24 Petitioner's own allegations, Petitioner received denials of

25 parole for three, two, and three years, respectively.  (Pet. 32-

26 33.)  The allegation concerning Petitioner's understanding at the

27 time the plea was entered is that Petitioner understood that he

28 would be considered for parole every one or three years.

A habeas petitioner must allege facts that show that he was prejudiced by an alleged constitutional violation.  <u>Wacht v. Cardwell</u>, 604 F.2d 1245, 1247 (9th Cir. 1979); <u>cf.</u>, <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 637 (1993) (determining that habeas relief is warranted when an error resulted in actual prejudice, or had a substantial and injurious effect or influence in determining the jury's verdict).  Here, even if it were assumed that Petitioner's understanding that he would receive parole suitability consideration every three years was predicated on the express terms of a plea agreement, Petitioner has not shown that he suffered any prejudice from the application of Proposition 9 to his case at the parole proceedings in 2009.  The time between parole hearings did not exceed three years.  Further, as the state trial court noted, even before Petitioner was sentenced in 1994, Cal. Pen. Code § 3041.5(b)(2) permitted deferring consideration of parole suitability for two, three, or five years under various circumstances.  1990 Cal. Stat. ch. 1053, § 1.

In view of the foregoing analysis, it is not logically possible that Petitioner could allege facts showing that the BPH's denial of parole for three years constituted a prejudicial denial of due process of law in violation of his plea agreement.

Accordingly, it will be recommended that insofar as Petitioner alleges a due process claim in connection with his plea agreement, the petition be dismissed without leave to amend.

VI.  <u>Petitioner's Motion for an Order to Show Cause</u>

On January 24, 2011, Petitioner filed a document entitled, "MOTION FOR ORDER TO SHOW CAUSE," in which he requested that the Court require the Respondent to answer the petition.  However, on

1  that date the Court directed Respondent to file a response to the

2  petition by way of answer or motion.  (Doc. 7.)

3      Accordingly, it will be recommended that Petitioner's motion

4  be dismissed as moot.

5      VII.  <u>Certificate of Appealability</u>

6      Unless a circuit justice or judge issues a certificate of

7  appealability, an appeal may not be taken to the Court of Appeals

8  from the final order in a habeas proceeding in which the

9  detention complained of arises out of process issued by a state

10 court.  28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537

11 U.S. 322, 336 (2003).  A certificate of appealability may issue

12 only if the applicant makes a substantial showing of the denial

13 of a constitutional right.  § 2253(c)(2).  Under this standard, a

14 petitioner must show that reasonable jurists could debate whether

15 the petition should have been resolved in a different manner or

16 that the issues presented were adequate to deserve encouragement

17 to proceed further.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 336

18 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A

19 certificate should issue if the Petitioner shows that jurists of

20 reason would find it debatable whether the petition states a

21 valid claim of the denial of a constitutional right and that

22 jurists of reason would find it debatable whether the district

23 court was correct in any procedural ruling.  <u>Slack v. McDaniel</u>,

24 529 U.S. 473, 483-84 (2000).

25     In determining this issue, a court conducts an overview of

26 the claims in the habeas petition, generally assesses their

27 merits, and determines whether the resolution was debatable among

28 jurists of reason or wrong.  <u>Id.</u>  It is necessary for an

1  applicant to show more than an absence of frivolity or the
2  existence of mere good faith; however, it is not necessary for an
3  applicant to show that the appeal will succeed.  <u>Miller-El v.</u>
4  <u>Cockrell</u>, 537 U.S. at 338.

5      A district court must issue or deny a certificate of
6  appealability when it enters a final order adverse to the
7  applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

8      Here, it does not appear that reasonable jurists could
9  debate whether the petition should have been resolved in a
10 different manner.  Petitioner has not made a substantial showing
11 of the denial of a constitutional right.

12     Accordingly, it will be recommended that the Court decline
13 to issue a certificate of appealability.

14     VII.  <u>Recommendations</u>

15     Accordingly, it is RECOMMENDED that:

16     1)  Respondent's motion to dismiss the petition be GRANTED;
17 and

18     2)  The petition for writ of habeas corpus be DISMISSED
19 without leave to amend; and

20     3)  Petitioner's motion for an order to show cause be
21 DISMISSED as moot; and

22     4)  The Court DECLINE to issue a certificate of
23 appealability; and

24     5)  The clerk be DIRECTED to close the case because an order
25 of dismissal would terminate the proceeding in its entirety.

26     These findings and recommendations are submitted to the
27 United States District Court Judge assigned to the case, pursuant
28 to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of

the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    June 17, 2011**             /s/ Sandra M. Snyder
                              UNITED STATES MAGISTRATE JUDGE